SILVERMAN Circuit Judge,
dissenting:
I respectfully dissent.
The evidence supports the agency’s finding that the petitioner was a member of the Flechas unit of the Guatemalan military at the time when—and at the place where—the Flechas committed horrendous genocidal acts. The finding that petitioner was a member of the Flechas, which consisted of only 200 men, when and where the massacres occurred, is specific and nothing like a generalized finding that someone was “in the army during World War II” or the like. The Flechas were a small group, and the dates and locations of petitioner’s whereabouts were detailed and coincided with the genocidal acts that those few men committed. Thus, the IJ did not err in ruling that, given this evidence, the burden shifted to petitioner to show that he did not participate in persecution.
Of course, that’s not the end of the ball game. It is possible that petitioner had an innocent explanation for these seemingly incriminating facts. However, when petitioner himself took the stand and testified to his lack of personal involvement in the massacres, he testified untruthfully—as the IJ found, as the BIA affirmed, and as the majority apparently recognizes; the majority does not quarrel with the IJ’s well-supported adverse credibility finding. Instead, the majority’s point is that petitioner shouldn’t have had to explain his role in the Flechas at all—that is, that the burden shouldn’t have shifted to him to begin with—and never mind his false testimony denying involvement in the Flechas’ crimes.
In my opinion, the IJ and BIA correctly ruled that substantial evidence supported the inference that petitioner had participated in the persecution of others, shifting the burden to petitioner to show otherwise. Likewise, there was substantial evidence supporting the agency’s finding that petitioner’s exculpatory testimony was false. Thus, the agency did not abuse its discretion in ruling that as a persecutor of others, petitioner was himself ineligible for asylum or any other form of related relief. I would deny the petition.